IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| HELENE BRAUN<br><br>PLAINTIFFS<br><br>Vs.<br><br>SALOME ECOTURISMO, CORP. D/B/A AVENTURAS CUEVA VENTANA; INSURANCE COMPANY "A" and "B"; JOHN DOE and JANE DOE<br><br>DEFENDANTS | CIVIL NO.:<br><br>PLAINTIFF DEMAND TRIAL BY JURY |

**COMPLAINT**

**TO THE HONORABLE COURT:**

COMES NOW Plaintiff, through the undersigned attorney, and respectfully alleges, states and requests:

### I. NATURE OF THE CASE

1. This is an action for damages in tort under Article 1536 of the Puerto Rico Civil Code.

### II. JURISDICTION AND VENUE

2. This Honorable Court has jurisdiction over the parties and the subject matter of this litigation pursuant to 28 U.S.C. Sec. 1332, as there is complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds seventy-five thousand dollars ($75,000.00) exclusive of costs and interest.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. Sec. 1391(a) as the claims alleged arose within this district.

### III. JURY TRIAL DEMAND

4. Plaintiff demands a jury trial on all triable issues.

### IV. THE PARTIES

5. Plaintiff, Helene Braun, is of legal age, a citizen of the United States, and a resident of Boca Raton, Florida.

6. Defendants are:

a. Salome Ecoturismo, Corp. d/b/a Aventuras Cueva Ventana, a corporation duly organized under the laws of the Commonwealth of Puerto Rico, which operates an ecotourism attraction known as Cueva Ventana in the municipality of Arecibo, Puerto Rico, where the events giving rise to this action took place.

b. Insurance Company "A" and "B", whose true names are unknown at this time, but which are believed to have issued insurance policies covering the liability of one or more of the Defendants for the acclaims asserted herein.

c. John Doe and Jane Doe, fictitious names used for unknown individuals or entities that may also be liable for the damages alleged in this Complaint.

## V. GENERAL ALLEGATIONS

7. Defendant Salome Ecoturismo, Corp. owed Plaintiff, a paying visitor, a duty to maintain its premises in a reasonably safe condition, warn of known hazards, and implement adequate safety measures.

8. On October 22, 2024, Plaintiff visited Cueva Ventana in Arecibo, Puerto Rico with her family to enjoy a guided tour.

9. After concluding the guided tour, while exiting the premises and walking toward the parking lot, Plaintiff slipped and fell on an uneven pathway covered with loose gravel and small pebbles, lacking proper stabilization, signage, or lighting.

10. As a result of the fall, Plaintiff sustained severe and life-altering bodily injuries, including a fracture of her right foot.

11. The negligence of Salome Ecoturismo Corp. d/b/a Aventuras Cueva Ventana, through its agents and/or employees, was the direct and proximate cause of Plaintiff's fall and resulting injuries, due to the following:

A. Failing to maintain the premises in a reasonably safe condition for visitors;

B. Failing to adequately warn Plaintiff and other visitors of the dangerous condition of the pathway;

C. Failing to properly supervise and maintain the common areas to ensure a safe walking surface free of hazards that Defendants knew or should have known existed; and

D. Failing to provide proper safety measures, such as handrails or alternative exit routes, to prevent foreseeable accidents.

12. Defendants John Doe and Insurance Companies "A" and "B" are jointly and severally liable to Plaintiff for all damages caused by the foregoing acts and omissions.

13. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

14. Immediately after her fall, Plaintiff was transported to Ashford Presbyterian Hospital in San Juan, Puerto Rico, where she received emergency medical treatment and was discharged the same day.

15. On October 27, 2024, Plaintiff traveled back to her home in Boca Raton, Florida.

16. On November 5, 2024, she underwent surgery consisting of an open reduction and internal fixation of her right trimalleolar ankle fracture, during which seven screws and a plate were implanted.

17. Plaintiff has since undergone numerous physical therapy sessions, continues to require prescription pain medications, and bears a permanent scar resulting from the surgery.

18. As a direct and proximate result of the Defendants' negligence, Plaintiff has suffered and continues to suffer:

    a. A fracture to her right leg requiring surgical intervention;

    b. Severe physical pain and suffering.

    c. Emotional and psychological distress.

19. Plaintiff's recovery has been slow and painful. It remains unknown whether she will suffer a permanent impairment to her whole body.

20. Plaintiff is entitled to full, just, and fair compensation for her damages in an amount not less than TWO HUNDRED THOUSAND DOLLARS ($200,000.00).

21. As a direct result of her injuries, Plaintiff has suffered loss of capacity to engage in daily activities, diminished enjoyment of life, and significant emotional, mental, and psychological distress.

22. Plaintiff is also entitled to compensation for emotional distress in an amount not less than FIFTY THOUSAND DOLLARS ($50,000.00).

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

A. Enter judgment in favor of Plaintiff and jointly and severally against Defendants;

B. Award Plaintiff all damages requested in this Complaint;

C. Order Defendants to pay all litigation costs and reasonable attorney's fees;

D. Award Plaintiff pre-judgment interest;

E. Grant Plaintiff any other relief she may be entitled to as a matter of law and equity.

RESPECTFULLY SUBMITTED in San Juan, Puerto Rico this 15th day of May 2025.

s/Juan M. Cancio Biaggi

JUAN M. CANCIO-BIAGGI
USDC-PR #229811
PMB 317
P.O. Box 70344
San Juan, P.R. 00936
Tel: (787)763-1211
Fax: (787)763-1215
jm@canciobiaggi.com